DECISION AND JUDGMENT ENTRY
{¶ 1} Lloyd A. Myrice appeals the Scioto County Court of Common Pleas' sentencing entry. Myrice contends that the trial court erred when it imposed the sentence because the sentence is contrary to law. Myrice claims that the record does not support the sentence. Because the sentence imposed upon Myrice does not exceed the maximum permitted by statute, and further because Myrice agreed to the sentence in the joint sentencing recommendation presented to the court pursuant to a plea agreement, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Scioto County Grand Jury indicted Myrice on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1). The state specifically accused Myrice of knowingly causing serious physical harm to Jeffrey Crabtree. Crabtree incurred around $100,000 of medical expenses and is unable to work. Myrice entered a not guilty plea to the charge.
 {¶ 3} Pursuant to a negotiated plea agreement, Myrice changed his plea and entered a plea of guilty as charged with the recommendation to the court that he receive a five year prison sentence. Before accepting the guilty plea, the trial court addressed Myrice and asked, "Has anyone promised you anything, threatened you or made any inducements to you whatsoever which has caused you to come in here, waive your Constitutional rights, and enter a plea of guilty to this charge, other than my representation to your attorney during the pretrial that I intend to sentence you to five years in prison?" Myrice answered, "No." The trial court accepted Myrice's plea and sentenced him to five years in prison pursuant to the plea agreement.
 {¶ 4} Myrice now appeals his five year prison sentence, asserting the following assignment of error: "The sentence imposed upon appellant was contrary to law where the record does not support the sentencing court's sentence."
 II. {¶ 5} In his sole assignment of error, Myrice contends that the trial court erred by imposing a sentence of five years in prison. Myrice claims that the record does not support the sentence.
 {¶ 6} R.C. 2953.08(D) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 7} Myrice does not dispute that he and the prosecution recommended his sentence jointly and that the sentencing judge imposed it. Thus, the only question before us is whether his sentence is authorized by law. A jointly recommended sentence is "authorized by law" if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose. Statev. Schoolcraft, Pike App. No. 01CA673, 2002-Ohio-3583; State v.Martin, Lawrence App. No. 01CA24, 2002-Ohio-6140; State v.McMillen, Vinton App. No. 01CA564, 2002-Ohio-2863; State v.Benner (Aug. 1, 2001), Athens App. No. 00CA32; State v. Riley
(June 12, 2001), Athens App. No. 00CA44; State v. Rogg (Mar. 13, 2001), Highland App. No. 00CA07.
 {¶ 8} Here, Myrice pled guilty to felonious assault, a felony of the second degree, in violation of 2903.11(A)(1). The maximum prison term that a trial court can impose is eight years. Myrice received five years in prison. Hence, Myrice's sentence did not exceed the maximum allowed by law. Consequently, Myrice's sentence is authorized by law and is not subject to review by this court.
 {¶ 9} Accordingly, we overrule Myrice's assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.